No.  24-5937

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 2, 2026
KELLY L. STEPHENS, Clerk

DO NO HARM, a nonprofit corporation                )
incorporated in the State of Virginia,             )
                                                   )
      Plaintiff-Appellant,                         )
                                                   )                O R D E R
v.                                                 )
                                                   )
WILLIAM BYRON LEE, in his official capacity as     )
Governor of the State of Tennessee,                )
                                                   )
      Defendant-Appellee.                          )



Before:  WHITE, BUSH, and NALBANDIAN, Circuit Judges.


Plaintiff-Appellant Do No Harm, a nonprofit corporation incorporated in the State of Virginia, appeals the district court's order dismissing this civil rights case for lack of standing. The parties agree recent changes to Tennessee law moot the appeal and that dismissal is appropriate. Do No Harm moves to vacate the district court's dismissal and dismiss this appeal as moot. Defendant Tennessee Governor William Byron Lee does not oppose dismissal or vacatur, but he believes that the appropriate approach is to dismiss the appeal and remand with instructions to dismiss the district court case as moot.

Do No Harm's proposed approach is based on *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), in which the Supreme Court suggested that whenever a case is mooted after an appeal has been filed but before the appeal was resolved on the merits, the "established

practice . . . is to reverse or vacate the judgment below and remand with a direction to dismiss." *Cf. U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 23 (1994) (noting that the portion of *Munsingwear* "describing the 'established practice' for vacatur was dictum."). But Do No Harm's reliance on *Munsingwear* is misplaced. Under our precedent, vacatur is merited only when "the burdened party[] didn't cause the order's mootness" and "the order would have a preclusive effect on later litigation . . . ." *Pavia v. Nat'l Collegiate Athletic Ass'n*, 154 F.4th 407, 415 (6th Cir. 2025) (citing *Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 971 (6th Cir. 2024)).

The first condition is present in this case, but Do No Harm makes no attempt to demonstrate the second. *Cf. Am. Coll. of Pediatricians v. Becerra*, No. 23-5053, 2024 WL 3206579, at *1–3 (6th Cir. June 27, 2024) (per curiam) (denying vacatur due to lack of preclusive effect in similar circumstances). And Governor Lee offers no argument in support of remanding with instructions to dismiss. Thus, neither party's approach is justified here, and we will dismiss the appeal as moot without taking any further action.

Accordingly, Do No Harm's motion to voluntarily dismiss is **GRANTED IN PART**, and this matter is **DISMISSED for lack of jurisdiction**.


WHITE, Circuit Judge, dissenting. I would dismiss the appeal and remand to the district court to dismiss the case as moot.

"The established practice of the [Supreme] Court in dealing with a civil case from a court in the federal system which has become moot while on its way [there] or pending [a] decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss." *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950). *Munsingwear* has been repeatedly reaffirmed by the Supreme Court. *See, e.g., U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 n. 3 (1994) ("We thus stand by *Munsingwear*'s dictum that mootness by happenstance provides sufficient reason to vacate."). And although vacatur is rooted in equity, the Supreme

Court has stated that, "one clear example where vacatur is in order is when mootness occurs through the unilateral action of the party who prevailed in the lower court." *Alex M. Azar, II v. Rochelle Garza*, 584 U.S. 726, 729 (2018) (cleaned up). As recently as 2023, the Supreme Court noted that its "*Munsingwear* practice is well settled" and declined an invitation to reconsider it. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 5 (2023).

I recognize that our recent published cases have said that "we'll vacate an order only if leaving it in place would have a preclusive effect on subsequent litigation." *Mktg. Displays Int'l v. Shaw*, 93 F.4th 967, 971 (6th Cir. 2024). Nevertheless, all agree that the vacatur decision is based on equity. *Mktg. Displays Int'l*, 93 F.4th at 971; *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484 (6th Cir. 2004). And here the parties are in agreement that this appeal was rendered moot by appellee's unilateral action and that the district-court decision should not stand undisturbed. I would therefore dismiss the appeal and remand to the district court to dismiss the case as moot.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk